UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN PATTERSON and MARY PATTERSON, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23 CV 1597 JMB |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Now pending before the Court is Defendant's Motion to Quash Plaintiff's Amended Subpoena Directed to Dr. Fucetola (Doc. 87). For the reasons set forth below, the Motion is **DENIED**.

**I.     Background**

As part of his claims related to a shooting incident at a job site in December, 2000, Plaintiff Bryan Patterson alleges that he was diagnosed with post-traumatic stress disorder and has trouble sleeping, anxiety, anger, depression and other symptoms (Doc. 38, p. 5). After this lawsuit was filed, Mr. Patterson was evaluated by Dr. Robert Fucetola, who was hired by Defendant to conduct a Federal Rule of Civil Procedure 35 mental examination, on November 13, 2024 (Docs. 56, 58). Defendant timely filed its expert disclosures but did not list Dr. Fucetola as an expert witness. Dr. Fucetola did not author an expert report and Defendant does not intend to call Dr. Fucetola at trial.

Plaintiffs informally requested Dr. Fucetola's "report" in a letter dated March 24, 2025 (Doc. 82-1). After Defendant declined, Plaintiffs served a subpoena directed to Dr. Fucetola on August 11, 2025. The subpoena sought "[a]ll records, notes, examinations, tests, or documents related to your evaluation of Bryan Patterson on or about November 13, 2024" (Doc. 82-2, p. 1).

Plaintiffs provided little clarity of the nature of the documents they request. After a hearing on September 18, 2025, the subpoena was quashed as overbroad (Doc. 86).

However, Plaintiffs were granted leave to serve a narrower subpoena, which they did on September 25, 2025. That amended subpoena seeks "[a]ny report related to your evaluation of Bryan Patterson on or about November 13, 2024, and any documents, forms, or tests completed, written, or filed out by Bryan Patterson" (Doc. 89-1, p. 1). In seeking to quash this amended subpoena, Defendant submitted a privilege log and the disputed material for *in camera* inspection. The privilege log identifies testing documents filled out by Mr. Patterson with some scoring by Dr. Fucetola. The documents provided for *in camera* inspection are the actual documents filled out by Mr. Patterson and do not contain an expert report or any detailed analysis of Mr. Patterson's responses to the questions asked.

## II.    Discussion

Federal Rule of Civil Procedure 26(b)(1) broadly permits a party to obtain discovery of any non-privileged material related to any claim or defense and which is proportional to the needs of the case. As to consulting experts, Rule 26(b)(4)(D) limits discovery and provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Plaintiffs seek both Dr. Fucetola's opinions (i.e. his "report") and facts known to him, namely Mr. Patterson's responses to the various tests that were performed. Defendant represents that Dr. Fucetola is a consulting expert and that he will not be called to testify at trial. As such, Plaintiffs' subpoena falls within Rule 26(b)(4)(D) and, ordinarily, the facts known and opinions held by Dr. Fucetola are not discoverable. Neither party discusses whether the subpoena is functionally equivalent to the "interrogatories or deposition" specifically identified in Rule 26(b)(4)(D).

However, it appears to the Court that Plaintiffs should not be able to sidestep Rule 26(b)(4)(D) and acquire information through a subpoena that would otherwise be unavailable through an interrogatory or deposition. See FED. R. CIV. P. 45(d)(3)(A)(iii) (allowing a motion to quash a subpoena if it "requires disclosure of privileged or other protected matter.").[1] Rule 26(b)(4)(D) is designed, perhaps, to protect attorney work product along the same lines as Rule 26(b)(3)(A) and the same broad discovery exclusionary rules would apply. See Stroble v. Werner Enterprises, Inc., 577 F.Supp.3d 960, 965-966 (S.D. Iowa 2022) ("The purpose of the rule is to promote fairness by precluding a party from using an opponent's expert to build his own case. The rule also protects an important interest in allowing counsel to obtain the expert advice they need without fear that every consultation with an expert may yield grist for the adversary's mill." (citations, quotation marks, and editing marks omitted)); See also DaVita Inc. v. Marietta Memorial Hospital Employee Health Benefit Plan, 2025 WL 2088378 (S.D. Ohio 2025) (noting that there may be some disagreement as to whether the Rule is an extension of the work product privilege or some other privilege).

There are two exceptions to Rule 26(b)(4)(D): as provided by Rule 35(b) or if there is a showing of exceptional circumstances. Id. 26(b)(4)(D)(i-ii). Plaintiffs argue that they are entitled to the subpoenaed documents pursuant to Rule 35(b). That Rule provides:

(b) Examiner's Report.

(1) *Request by the Party or Person Examined.* The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

---

[1] Plaintiffs do not argue that Defendant does not have standing to move to quash the subpoena directed to Dr. Fucetola. See Boaz v. FE Express, LLC, 2016 WL 2733121, * 1-2 (E.D. Mo. 2016) (holding that only a person to whom a subpoena is directed may seek to quash it, unless a party asserts a privilege).

(2) *Contents.* The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.

(3) *Request by the Moving Party.* After delivering the reports, the party who moved for the examination may request—and is entitled to receive—from the party against whom the examination order was issued like reports of all earlier or later examinations of the same condition. But those reports need not be delivered by the party with custody or control of the person examined if the party shows that it could not obtain them.

(4) *Waiver of Privilege.* By requesting and obtaining the examiner's report, or by deposing the examiner, the party examined waives any privilege it may have—in that action or any other action involving the same controversy—concerning testimony about all examinations of the same condition.

(5) *Failure to Deliver a Report.* The court on motion may order—on just terms—that a party deliver the report of an examination. If the report is not provided, the court may exclude the examiner's testimony at trial.

(6) *Scope.* This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise. This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules.

The Rule clearly provides that the *report* of an examiner must be provided upon request.  See Anderson v. Hansen, 2021 WL 4065547, * 2 (E.D. Mo. 2021).  Of course, there is no report in this case and Plaintiffs clearly cannot acquire "any report" (as set forth in the subpoena) made by Dr Fucetola.  See Henne v. Great River Regional Library, 2021 WL 6804537, *6 (D. Minn. 2021) (finding that "Rule 35(b) by its plain language does not entitle Plaintiff to discover 'all records and communications' related to the examination of her . . . .").  What is less clear is whether Dr. Fucetola is required to produce "any documents, forms, or tests completed, written, or filed out by Bryan Patterson."  Plaintiffs present no case authority that would suggest that they are entitled to those forms, tests, and documents.  See Botkin v. Tokio Marine & Nichido Fire Ins. Co., Ltd., 2013 WL 12384663, * 3 (E.D. Ky. 2013) ("The Rule [35] does not provide for the production of notes and/or test data developed in connection with the Rule 35 examination" unless the expert is identified as a trial expert).  But neither has Defendant convincingly argued that they are not

entitled to this material.   See Castillo v. Western Beef, Inc. 2005 WL 3113422, *2 (E.D.N.Y. 2005) (finding that the examining party was required to provide "a copy of the report, if any, or in the absence of a report, with the doctor's notes, test data, and any other documents generated in connection with the examination . . . ."); Shulin v. Werner Enterprises, Inc., 2017 WL 10379220 (N.D. W.Va. 2017) (directing the production of psychometric testing data in lieu of a non-existent report).   Rule 35(b) defines a report as being "in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests."   Presumably, then, Plaintiffs would be entitled to the material developed by the examiner in lieu of a report, even if such material are not in a single document.

In consideration of the foregoing, the purposes of Rules 26 and 35, and in an exercise of discretion, the Court finds that Plaintiffs are entitled to "any documents, forms, or tests completed, written, or filed out by Bryan Patterson" that are in Dr. Fucetola's possession.  These documents do not implicate any work product privilege.  If Dr. Fucetola had generated a report, to which Plaintiffs would be entitled, these documents would be a part of that report.  The documents are relevant to Plaintiffs' claims and it does not appear to be burdensome for Dr. Fucetola to produce the documents.  In sum, Plaintiffs are entitled to the results of any testing that Mr. Patterson was *required* to undergo pursuant to Rule 35.  On the other side, Plaintiffs are not entitled to depose or interrogate Dr. Fucetola, to receive any documents related to any communication between Dr. Fucetola and Defendant's counsel, to compel the creation of a report, or to seek out any opinions Dr. Fucetola may have except as what may be gleaned from the testing documents themselves.

## III.    Conclusion

For the foregoing reasons, Defendant's Motion to Quash Plaintiff's Amended Subpoena Directed to Dr. Fucetola (Doc. 87), is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2025