UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23 CV 1597 JMB |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM and ORDER</u>**

Now pending before the Court are Defendant's <u>Daubert</u> Motion to Exclude Dr. Robins as an Expert Witness (Doc. 129) and Plaintiff's Motion to Strike (Doc. 134).  For the reasons set forth below, the Motion to Exclude is **TAKEN UNDER ADVISEMENT** and the Moton to Strike is **DENIED** solely as to the Motion to Exclude and **TAKEN UNDER ADVISEMENT** in all other respects.

**Background**

Dr. Christina Robins has been providing Plaintiff medical care since 2017 (Doc. 130-1, p. 3).  Dr. Robins graduated from the University of Missouri, Kansas City with a Bachelor of Sciences degree in biology and a Doctor of Medicine degree; thereafter she engaged in a three year residency program in family medicine (<u>Id</u>. 4).  She is board certified in family medicine since 2002 (<u>Id</u>. 5). She has mostly worked as a family medicine practitioner which she describes as "general medicine care" from "birth to death" (<u>Id</u>. 9).

Dr. Robins does not remember what medical conditions she first started treating Plaintiff for; however, she saw Plaintiff in January, 2021, a month after the December 2020 shooting incident that forms the basis of this lawsuit (<u>Id</u>. 11).  At that time, Plaintiff reported his symptoms

to Dr. Robins – "[t]rouble going to sleep, staying asleep, and anxiety type . . . feelings" – and described the shooting incident (Id. 11-12). Dr. Robins did not ask him if he had experienced those feelings in the past, Plaintiff did not describe his prior mental health to Dr. Robins, nor did Dr. Robins know Plaintiff's counselor (Id. 12-13). Dr. Robins did not administer any tests or "attempt to objectively determine his condition" (Id. 20). After that 25 minute visit, Dr. Robins diagnosed Plaintiff with Post-Traumatic Stress Disorder (Id. 21). Dr. Robins reviewed no prior treatment records, she did not review Plaintiff's counselor's notes or treatment plan, is not familiar with psychological testing, did not rule in or out other causes or explanations of Plaintiff's symptoms; however, she used the DSM-5 (Diagnostic and Statistical Manual of Mental Disorders) to diagnose Plaintiff (Id. 21-22, 24).

### Discussion

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony: "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the expert witness is "retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by an expert report. Id. 26(a)(2)(B). If no expert report is required, the disclosure must include the subject matter upon which the expert would testify and a summary of facts and opinions. Id. 26(a)(2)(C). Such a disclosure must be made within the time directed by the Court. Id. 26(a)(2)(D). Defendant does not dispute that Plaintiff timely and appropriately disclosed Dr. Robins as an expert witness.

However, Plaintiff argues that Defendant failed to timely file its motion to exclude Dr. Robins as an expert witness and seeks to strike Defendant's Motion.[1] There is no dispute that

---

[1] Plaintiff also seeks to strike Defendant's motion for judgment on the pleadings (Doc. 124). That issue shall be addressed by separate order.

Plaintiff timely disclosed Dr. Robins as an expert.  The dispositive motion filing deadline, which included the deadline to file motions to exclude experts, was December 31, 2025 (Doc. 94) and Defendant did not file its motion until April 24, 2026.  Accordingly, Defendant's Motion to Exclude Dr. Robins is untimely.  Defendant offers no good cause to extend the deadline consistent with Federal Rule of Civil Procedure 16(b)(4) nor does Defendant show excusable neglect as required by Rule 6(b)(1)(B).  Instead, Defendant merely states that the trial date was moved, that the motion is intended to narrow the issues for trial, and that Plaintiff will not be prejudiced by consideration of the motion.  Defendant also vaguely states that it was awaiting possible records. None of these reasons show either good cause or excusable neglect for failing to file its motion by the deadline set by the Court.

Nonetheless, Defendant's motion will not be stricken because, regardless of when it was filed, this Court has an independent duty to determine whether expert testimony is admissible. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993) ("To the contrary, under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").  Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).  The party offering a witness under Rule 702 bears the burden to establish by a preponderance of the evidence: (a) the expert's specialized knowledge will assist the jury; (b) the expert's testimony is based on sufficient facts and data; (c) the expert's testimony is based on reliable principles and methods; and "(d) the expert has reliably applied the [acceptable] principles and methods to the facts of the case."  Fed.R.Civ.P. 702(a)-(d); Lauzon v. Senco Prods. Co., Inc., 270 F.3d 681, 686 (8th Cir. 2001).

In <u>Daubert</u>, the Supreme Court interpreted Rule 702 to require district courts be certain that expert evidence based on scientific, technical, or other specialized knowledge is "not only relevant, but reliable." 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." <u>Id.</u> at 592-93.

Proposed expert testimony must meet three criteria to be admissible under Rule 702. "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy." <u>Lauzon</u>, 270 F.3d at 686. "Second, the proposed witness must be qualified to assist the finder of fact." <u>Id.</u> "Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." <u>Id.</u> (Internal quotation marks omitted). To meet the third criterion, the testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case." Fed.R.Civ.P. 702(b)-(d).

Under Rule 702, the trial court has the gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Kumho</u>, 526 U.S. at 141. "When making the reliability and relevancy determinations, a district court may consider: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) whether the theory or technique has a known or potential error rate and standards controlling the technique's operation; and (4) whether the theory or technique is generally accepted in the scientific community." <u>Russell v. Whirpool Corp.</u>, 702 F.3d 450, 456 (8th Cir. 2012) (citing <u>Daubert</u>, 509 U.S. at 593-94). "This

evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject Daubert factors as the particular case demands." Unrein v. Timesavers. Inc., 394 F.3d 1008, 1011 (8th Cir. 2005). "There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant." Id.

In general, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Nebraska Plastics, Inc. v. Holland Colors Am., Inc., 408 F.3d 410, 416 (8th Cir. 2005) (quoted case omitted). However, "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." Id. An expert opinion is fundamentally unsupported when it "fails to consider the relevant facts of the case." Id.

Courts have recognized that "the whole point of Daubert is that experts cannot 'speculate.' They need analytically sound bases for their opinions. District courts must be careful to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves." DePaepe v. General Motors Corp., 141 F.3d 715, 720 (7th Cir. 1998).

A treating physician's opinions on causation are subject to the same requirements of scientific reliability as a retained expert. Johnson v. Friesen, 79 F.4th 939, 943 (8th Cir. 2023). As such, the bases of the doctor's opinion must be grounded in scientifically sound methodology and reasoning. The Advisory Committee Notes to the 2000 Amendments to Rule 702 further state that Courts may consider whether "the expert has adequately accounted for obvious alternative explanations." The expert need not account for all possibilities, just the obvious ones. Turner v. Iowa Fire Equipment Co., 229 F.3d 1202, 1208 (8th Cir. 2000) ("We agree that a medical opinion about causation, based upon a proper differential diagnosis, is sufficiently reliable to satisfy Daubert.").

Plaintiff has offered no argument that Dr. Robins is qualified to testify as to the PTSD diagnosis or her opinion as to work accommodations or that her testimony is relevant and reliable. However, because it is Plaintiff's burden to establish that the testimony is admissible, Plaintiff shall be given an opportunity to respond to Defendant's arguments that Dr. Robins should be excluded as an expert witness.  Plaintiff shall file his response within fourteen (14) days of the date of this Order.  Defendant may file a reply within seven (7) days of the response.

### Conclusion

For the foregoing reasons, Defendant's <u>Daubert</u> Motion to Exclude Dr. Robins as an Expert Witness (Doc. 129) is **TAKEN UNDER ADVISEMENT** and Plaintiff's Motion to Strike (Doc. 134) is **DENIED** solely as to the Motion to Exclude and **TAKEN UNDER ADVISEMENT** in all other respects.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of August, 2026